O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3731 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | MICHAEL SITRICK v. CITIGROUP GLOBAL MARKETS, INC., *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiff: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

In connection with the Court's order granting summary judgment to Defendant Citigroup Global Markets, Inc., the Court also grants Defendant's three requests for judicial notice and overrules all evidentiary objections for the reasons below.

## I.     REQUESTS FOR JUDICIAL NOTICE

Throughout this case, Defendant has requested the Court to take judicial notice of several items. First, on July 25, 2005, Defendant asked Judge George P. Schiavelli to take judicial notice of two previous court cases Plaintiff filed, and in particular the complaints in these cases: (1) *Sitrick v. Malamed*, Case No. BC286553, Los Angeles County Superior Court (Dec. 6, 2002) (hereinafter "The State Court Action"); and (2) *Sitrick v. Wachovia Securities Financial Network, Inc.,* a state court case which was removed to the courtroom of Judge Stephen Wilson of this court, Case No. CV 05-2962 (SVW) (CTx) (April 22, 2005) (i.e., the "CBO II Litigation").[1]

Second, on September 1, 2005, Defendant filed another request for judicial notice of Judge Wilson's order granting the CBO II Litigation defendant's motion to dismiss or, in the alternative, for summary judgment. *See* Aug. 25, 2005 Order for the CBO II Litigation.

---

[1]     A brief description of these cases and their outcome can be found in the corresponding order granting summary judgment. CBO is an acronym for a collateralized bond obligation.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3731 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | MICHAEL SITRICK v. CITIGROUP GLOBAL MARKETS, INC., *et al.* | | |

Almost two years later, on September 19, 2007, Defendant requested Judge Schiavelli to take judicial notice of the Ninth Circuit's affirmance of Judge Wilson's Order.

The Court finds that the complaints in the State Court Action and the CBO II Litigation and the decisions in the CBO II Litigation are proper for judicial notice. A court "may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment substantially as they would be utilized at trial." *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). "[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Id*.

The previous cases were both brought by Plaintiff. The CBO II litigation involved a similar style of financial instrument, similar facts and almost the exact same causes of action. The State Court Action was against an individual, Kenneth Malamed ("Malamed"), and his investment management firm, Financial Management Advisors ("FMA"), who recommended Plaintiff invest in three CBOs. In the CBO II litigation, Judge Wilson's Order directly addressed matters related to the issue currently before this Court. Consequently, the Court takes judicial notice of not only Judge Wilson's Order but also the Ninth Circuit's affirmance of Judge Wilson's Order.

## II.    EVIDENTIARY OBJECTIONS[2]

### A.    Plaintiff's Objections

Plaintiff objected to Defendant's evidence submitted in support of its motion to dismiss or, in the alternative, for summary judgment. (*See* Docket No. 16.) Plaintiff objected to (1) the Offering Circular submitted by Defendant because it is not

---

[2] On May 5, 2006, Defendant filed an ex parte application seeking to file a reply to Plaintiff's supplemental opposition to its supplemental brief in support of its motion for summary judgement. In support of this application, it submitted additional evidentiary objections. Judge George P. Schiavelli denied this application on May 18, 2006. Accordingly, the Court does not address these additional objections.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3731 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | MICHAEL SITRICK v. CITIGROUP GLOBAL MARKETS, INC., *et al.* | | |

authenticated nor identical to the Offering Circular submitted by Plaintiff; (2) the Subscription and Escrow Agreement ("SEA") because it is not signed by Defendant and is irrelevant; and (3) the Declaration of Kenneth D. Malamed ¶ 2, which states that Plaintiff signed the SEA, because the declaration provides no basis for his knowledge that Plaintiff signed the agreement.

The Court overrules Plaintiff's objections to the Offering Circular submitted by Defendant. First, Malamed, president and chief investment officer for FMA, submitted a declaration authenticating the Offering Circular as a document maintained by his company in the ordinary course of business. Second, the fact that Defendant's Offering Circular is not identical to Plaintiff's Offering Circular does not require the Court to reject Defendant's submission. CBO III anticipated two Offering Circulars, a preliminary one and a final one. Neither Plaintiff nor Defendant explain which OC they submitted. Moreover, as set forth in the separate statements of uncontroverted facts, the statements in both Offering Circulars are substantially similar, if not identical. For the purposes of analyzing the corresponding motion for summary judgment, however, the Court will use the Offering Circular submitted by Plaintiff because this is the document that he allegedly relied on to make the investment. The Court overrules Plaintiff's remaining evidentiary objections.

B.   Defendant's Objections

On August 22, 2005, Defendant objected to Plaintiff's declarations submitted including (1) the Declaration of Mark G. Krum; (2) the Declaration of Richard Rosin; and (3) the Declaration of Michael Sitrick. (*See* Docket Nos. 24, 25, 26.)[3] The Court overrules these objections.

/ / /

/ / /

---

[3]   The Court does not address Defendant's objections to Krum's declaration because the Court does not rely on that declaration in its analysis.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3731 AHM (PJWx) | Date | April 30, 2009 |
|---|---|---|---|
| Title | MICHAEL SITRICK v. CITIGROUP GLOBAL MARKETS, INC., *et al.* | | |

     As to Rosin's declaration, while the Court finds the references in paragraph two to be hearsay, they fit within Rule 803(3) of the Federal Rules of Evidence exception and, therefore, are admissible.  The Court overrules the other objections because they lack merit.  As to Sitrick's declaration, the Court overrules the objection to the last sentence in paragraph 2 for the same reason.  While the statement was made by Sitrick's attorney and therefore is hearsay, it also is admissible under Rule 803(3).

                                                                                                        :

                                                  Initials of Preparer                SMO