JS-6

FILED
CLERK, U.S. DISTRICT COURT

MAY 1 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL SITRICK, as Trustee of THE MICHAEL AND NANCY SITRICK TRUST, a trust,

Plaintiff,

vs.

CITIGROUP GLOBAL MARKETS, INC., a New York corporation, as successor to Salomon Smith Barney, Inc.; SALOMON SMITH BARNEY, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No. CV05-3731 AHM (PJWx)

**JUDGMENT**

[F.R.C.P. Rule **58**]

Defendant CITIGROUP GLOBAL MARKETS, INC. ("Defendant") or ("CGMI"), as successor to Defendant Salomon Smith Barney, Inc., filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment ("Motion"). Plaintiff MICHAEL SITRICK, as Trustee of THE MICHAEL AND NANCY SITRICK TRUST ("Plaintiff") opposed Defendant's Motion. The Court, having considered the evidence and

1  the briefs presented in connection with the Motion, and having heard
2  oral argument by the parties, finds there is no triable issue of material
3  fact in this action and that Defendant is entitled to summary judgment
4  as a matter of law as to all causes of action of the Plaintiff's Complaint
5  as follows:

6  　　　As to the First Cause of Action for fraudulent omission:
7  (1) the alleged omissions were immaterial as a matter of law because a
8  reasonable investor would not find that their exclusion altered the "total
9  mix" of information available concerning CBO III; (2) the cautionary
10  statements warning of the pitfalls of an investment in CBO III Class B
11  Notes immunize Defendant from liability for Plaintiff's claims; and
12  (3) Plaintiff did not reasonably rely upon the Offering Documents
13  (including the Offering Circular and the Supplemental Information
14  Memorandum) and therefore, cannot establish the requisite element of
15  reliance to prove a claim for fraudulent omission.

16  　　　As to the Second Cause of Action for negligent
17  misrepresentation:  (1) the alleged omissions were immaterial as a
18  matter of law because a reasonable investor would not find that their
19  exclusion altered the "total mix" of information available concerning
20  CBO III; (2) the cautionary statements warning of the pitfalls of an
21  investment in CBO III Class B Notes immunizes Defendant from liability
22  for Plaintiff's claims; (3) Plaintiff did not reasonably rely upon the
23  Offering Documents (including the Offering Circular and the
24  Supplemental Information Memorandum) and therefore, cannot
25  establish the requisite element of reliance to prove a claim for negligent
26  misrepresentation; and (4) the two year statute of limitations bars
27  Plaintiff's claim for negligent misrepresentation as he was on inquiry
28  notice at the latest, on December 6, 2002, more than two years prior to

1  the filing of the Complaint.

2         As to the Third Cause of Action for securities fraud pursuant
3  to California Corporation Code sections 25400 and 25401:  (1) the
4  alleged omissions were immaterial as a matter of law because a
5  reasonable investor would not find that their exclusion altered the "total
6  mix" of information available concerning CBO III; (2) the cautionary
7  statements warning of the pitfalls of an investment in CBO III Class B
8  Notes immunizes Defendant from liability; and (3) the two year statute
9  of limitations pursuant to California Corporations Code
10 section 25506(b) bars Plaintiff's securities fraud claim as he was on
11 inquiry notice at the latest, December 6, 2002, more than two years
12 prior to the filing of the Complaint.

13        As to the Fourth Cause of Action for rescission:  (1) Because
14 Plaintiff cannot show a genuine issue of material fact as to his common
15 law fraud claim, negligent misrepresentation claim or his securities
16 fraud claim pursuant to California Corporations Code sections 25400
17 and 25401, Plaintiff's claim for rescission fails for the same reasons;
18 (2) Because Plaintiff's claim for negligent misrepresentation is barred by
19 the two year statute of limitations, the claim for rescission fails.

20        As to the Fifth Cause of Action for breach of fiduciary duty:
21 (1) Because Plaintiff cannot show a genuine issue of material fact as to
22 his common law fraud claim, negligent misrepresentation or his
23 securities fraud claim pursuant to California Corporations Code
24 sections 25400 and 25401, Plaintiff's claim for breach of  fiduciary duty
25 fails for the same reasons; (2) Because Plaintiff's claim for negligent
26 misrepresentation is barred by the two year statute of limitations, the
27 claim for breach of fiduciary duty fails for the same reason.

28

1    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

2        1.    That Plaintiff takes nothing by way of his Complaint

3    against Defendant;

4        2.    That Defendant's Motion for Summary Judgment is

5    granted as to all of Plaintiff's causes of action;

6        3.    That the Defendant recovers its costs of suit herein; and

7        4.    The Court hereby enters judgment in favor of Defendant

8    CITIGROUP GLOBAL MARKETS INC., and against Plaintiff MICHAEL

9    SITRICK as Trustee of THE MICHAEL AND NANCY SITRICK TRUST, a

10   trust.

11

12       IT IS SO ORDERED.

13

14

15   DATED: _____May 13_____, 2009    _____

16                                        HONORABLE A. HOWARD MATZ
                                          UNITED STATES DISTRICT
17                                        JUDGE

18

19

20

21

22

23

24

25

26

27

28